UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CHRISTOPHER J. TURVEY                          CIVIL ACTION

VS.                                            NO. 2:16-cv-17150

UNITED OF OMAHA LIFE INSURANCE COMPANY

## COMPLAINT

The Complaint of Christopher J. Turvey respectfully alleges:

1. This is a claim for ERISA long term disability benefits.

2. This court has subject matter jurisdiction of this dispute without regard to the citizenship of the parties pursuant to 28 U.S.C. § 1337, 29 U.S.C. §1132(a)(l)(B) and 29 U.S.C. §1132(e)(l).

3. This Court has jurisdiction and venue under 29 U.SC. Sec. 1001 et. Seq; 29 U.S.C. Sec. 1132(e)(1)(2), as the Defendant may be found in this district.

1. Plaintiff, **Christopher J. Turvey**, of lawful age and a resident of Ray, Colorado, is a plan participant and beneficiary of an ERISA plan created by his employer, The Nichols Companies and an insured participant of a group disability policy issued by United of Omaha Life Insurance Company.

2. Defendant, United of Omaha Life Insurance Company ("United of Omaha"), is a foreign corporation, doing business in Louisiana. Upon information and belief, United of Omaha is incorporated in Omaha, Nebraska, and its principal place of business is in the state of Omaha, Nebraska. United of Omaha is therefore a citizen of Omaha, Nebraska.

3. United of Omaha issued a group policy, No. GLTD-AKW8, insuring the employees of The Nichols Companies. Plaintiff is a beneficiary and insured under the policy.

4. ERISA mandates that all plan administrators discharge their duties in the interest of plan participants and beneficiaries. <u>29 USC Sec. 1104(a)(1)</u>.

5. Plaintiff filed a claim for disability benefits with the Plan because his medical condition precluded him from continuing to perform the duties of his job on a fulltime basis.

6. Plaintiff is disabled under the terms of the disability policy issued by United of Omaha.

7. Plaintiff has been determined to be disabled by the Social Security Administration and is receiving Social Security disability benefits.

8. United of Omaha unlawfully denied Plaintiff benefits he is entitled to under terms of the disability policy.

9. Plaintiff appealed the denial, but United of Omaha upheld its previous decision.

10. United of Omaha's denials are based on insubstantial evidence and are arbitrary and an abuse of discretion.

11. Plaintiff has exhausted his administrative remedies and now timely files this suit to reverse United of Omaha's denial of benefits.

12. United of Omaha has abused its discretion as plan administrator by denying Plaintiff's claim for disability benefits in bad faith.

13. United of Omaha has abused its discretion by failing to consider the disabling, synergistic effect of all of Plaintiff's medical conditions.

14. United of Omaha has abused its discretion by failing to consider his medical condition in relation to the actual duties of his occupation.

15. United of Omaha administered Plaintiff's claim with an inherent and structural conflict of interest as United of Omaha is liable to pay benefits from its own assets to Plaintiff, and each payment depletes United of Omaha's assets.

16. United of Omaha has failed to give the policy and Plan a uniform construction and interpretation.

17. United of Omaha chooses to conduct reviews of denied claims in order to maintain strict control over its risk of loss and to maintain higher profit margins than if a financially independent third party decided the appeals.

18. As a routine business practice, United of Omaha uses the appeals process to support initial benefit denials rather than to review impartially whether it should reverse appealed denials.

19. United of Omaha's administration of this claim corrupts any reasonable meaning of "full and fair review" that ERISA requires.

20. Plaintiff has been denied the benefits due to his under the Plan, has suffered, and is continuing to suffer economic loss as a result.

21. Plaintiff is entitled to an award of interest on all money that Defendants should have paid to Plaintiff.

22. Defendant's denial has required Plaintiff to hire attorneys to represent him in this matter to recover benefits due to his under the Plan.

**WHEREFORE**, Plaintiff prays for judgment against each Defendant as follows:

1. For all benefits due Plaintiff in the past and future under the Plan, plus pre- and post-judgment interest;
2. For all reasonable attorney fees;
3. For costs of suit; and
4. For all other relief as the facts and law may provide.

Respectfully submitted,

                          <u>/s/ Reagan Toledano</u>  
                          Willeford & Toledano  
                          James F. Willeford (La. 13485)  
                          Reagan L. Toledano (La. 29687)  
                          201 St. Charles Avenue, Suite 4208  
                          New Orleans, Louisiana 70170  
                          (504) 582-1286; (f) (313)692-5927  
                          rtoledano@willlefordlaw.com